**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                 No. 99-4106

JAVARALD ANTONIO SULLIVAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-97-797)

Submitted: January 20, 2000

Decided: February 2, 2000

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Eduardo K. Curry, CURRY, CURRY & COUNTS, P.A., Charleston,
South Carolina, for Appellant. Miller Williams Shealy, Jr., OFFICE
OF THE UNITED STATES ATTORNEY, Charleston, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Javarald Antonio Sullivan pled guilty to possession of cocaine base (crack) with intent to distribute, see 21 U.S.C. § 841(a) (1994), and stipulated that he was responsible for 1.5 kilograms of crack for sentencing purposes. Sullivan was sentenced to a term of 292 months imprisonment. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious issues for appeal. Sullivan has been informed of his right to submit a pro se supplemental brief, but has not done so.

In the Anders brief, counsel challenges the district court's use of the guidelines for crack offenses, arguing that the government did not prove that the controlled substance found in Sullivan's car was crack rather than cocaine powder. This claim is without merit because Sullivan stipulated that the substance was crack and did not object to the probation officer's statement in the presentence report that the substance was determined to be crack after Sullivan's arrest. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993) (government's burden of proof is met by stipulation of parties that has reasonable factual basis). The district court properly calculated Sullivan's sentence using the base offense level for crack offenses.

Pursuant to Anders, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2